ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| Phoenix Systems, Inc. | ) | ASBCA No. 60852 |
| | ) | |
| Under Contract No. N0018-10-C-Z002 | ) | |

APPEARANCE FOR THE APPELLANT:        Ms. Andrea Reyes
                                                    CEO/President

APPEARANCES FOR THE GOVERNMENT:     Ronald J. Borro, Esq.
                                                    Navy Chief Trial Attorney
                                                    James J. Gross, Esq.
                                                    Trial Attorney
                                                   NAVSUP FLC Norfolk
                                                   Philadelphia, PA

## OPINION BY ADMINISTRATIVE JUDGE YOUNGER

Appellant Phoenix Systems, Inc. (appellant or Phoenix) brought this appeal under a contract for specified administrative services by notice of appeal dated October 20, 2016. In its appeal, Phoenix seeks $6,116.33 for additional work under one contract line item, and $3,344 under another.

By date of October 21, 2016, we issued our notice of docketing and scheduling under Board Rule 12.2 directing Phoenix to file its complaint by or before November 7, 2016. Phoenix thereafter failed to do so. Following multiple attempts by the Board to contact Phoenix by telephone, appellant sent an email to the recorder by date of December 1, 2016 stating that "[h]ere is what we submitted as a 'complaint letter.'" Attached to the email was a copy of a March 29, 2016 letter to the contracting officer, which predated the filing of the appeal.

By order dated December 19, 2016 the Board revoked appellant's Rule 12.2 election. We concluded that "appellant has failed to meet the deadlines specified in the Board's 21 October 2016 notice of docketing and scheduling under Rule 12.2." The following day, the Navy filed a motion for summary judgment. The Board also cancelled a hearing set for January 12, 2017.

By date of May 18, 2017, we issued an order to show cause, noting that appellant's response to the motion for summary judgment was due to be filed and served on January 19, 2017. By date of May 31, 2017, Phoenix submitted a letter stating that it is entitled to $9,460.33 and requesting that its appeal be sustained in that amount.

Phoenix has not responded, in its May 31, 2017 letter or otherwise, to the Navy's December 19, 2016 motion for summary judgment. In its motion, the Navy takes the position that Phoenix has been paid in full. Under Rule 7(d), the response to the motion for summary judgment was due to be filed and served on January 19, 2017.

By date of July 18, 2018, the Board noted the above history and issued a supplemental order to show cause to afford Phoenix a further opportunity to show cause by or before August 31, 2018, why the appeal should not be dismissed.

Board Rule 17 reads:

> Whenever the record discloses the failure of either party to file documents required by these Rules, respond to notices or correspondence from the Board, comply with orders of the Board, or otherwise indicates an intention not to continue the prosecution or defense of an appeal, the Board may, in the case of a default by the appellant, issue an order to show cause why the appeal should not be dismissed with prejudice with prejudice for failure to prosecute.... If good cause is not shown, the Board may take appropriate action.

Phoenix has failed to respond to the second order to show cause. Accordingly, this appeal is hereby dismissed with prejudice for failure to prosecute.

Dated: February 21, 2019

ALEXANDER YOUNGER
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60852, Appeal of Phoenix Systems, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals